IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLTE CAHANIN, § | | |
| Plaintiff § | | |
| § | | |
| § | | |
| v. § | | |
| § | | |
| § | CIVIL ACTION NO. _____ | |
| ISLAND OPERATING COMPANY OF § | | |
| TEXAS, ISLAND OPERATING COMPANY, § | | |
| INC., FIELDWOOD ENERGY, LLC, § | | |
| FIELDWOOD ENERGY OFFSHORE, LLC, § | | |
| Defendants § | **JURY TRIAL DEMANDED** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Colte Cahanin, files this Complaint against Defendants Island Operating Company of Texas, Island Operating Company, Inc., Fieldwood Energy, LLC, and Fieldwood Energy Offshore, LLC, and alleges as follows:

This case arises from an explosion that occurred on the Echo fixed platform in the Gulf of Mexico at approximately 3:00 pm on November 20, 2014. Well before the explosion, the platform had been cited repeatedly by authorities for safety issues. The platform is owned by Fieldwood Energy or Fieldwood Energy Offshore. Plaintiff is an employee of Turnkey Cleaning Services. Turnkey specializes in cleaning offshore oil rigs and platforms, and on the day in question, was engaged in cleaning a piece of equipment on the platform called a "Heater-Treater."[1] Almost immediately upon opening the "Heater Treater" to begin the cleaning process, the explosion occurred. The force of the blast threw the Plaintiff fifteen feet, showered him with flames and

---

[1] A "Heater-Treater" is a piece of equipment that separates oil from water and other liquids.

debris, and severely injured his body. Plaintiff's foreman was killed instantly. At least two others were also injured.

Federal officials have cited this facility for not complying with offshore oil regulations on 38 separate occasions dating back to 1997. Four citations were issued in 2011, one in 2012, and one on June 3, 2014. On June 3, 2014, the Bureau of Safety and Environmental Enforcement warned that the facility had failed to maintain all equipment in a safe condition so as to ensure the protection of the lease and associated facilities based on a May 22, 2014 inspection.

Defendants Island Operating Company of Texas or Island Operating Company, Inc. were responsible for ensuring that the "Heater Treater" was cleared of all flammable materials and gasses before the cleaning process began. These Defendants failed to properly ensure the "Heater Treater" was cleared – and in essence turned over a disaster waiting to happen to the Turnkey Cleaning employees. Additionally, Fieldwood Energy or Fieldwood Energy Offshore failed to provide a reasonably safe place to work, failed to ensure that the equipment in use on the rig was maintained, was not faulty, and was in good working order, failed to ensure Island Operating was performing adequately, failed to ensure that the "Heater Treater" was cleared of all flammable materials and gasses prior to its cleaning, failed to warn Plaintiff and his co-workers of a known danger, and failed to properly supervise and monitor Island Operating. Due to this incident, Plaintiff has sustained severe injuries to his back, neck, head, and other parts of his body. Plaintiff has also lost partial hearing in one ear, and complete hearing in the other. Plaintiff's injuries were proximately caused by the negligence of the Defendants, its agents, servants and/or employees.

## THE PARTIES

1. Plaintiff Cole Cahanin is a resident of Louisiana.

2. Defendant Island Operating Company of Texas is a domestic corporation with headquartered in Houston.  It may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Island Operating Company, Inc. is a foreign corporation with an office in Houston, and a registered agent in Texas.  It may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant Fieldwood Energy, LLC is a foreign limited liability company headquartered in Houston.  This Defendant maintains a registered agent in Texas.  It may be served through its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Ste. 400, Austin, Texas 78701.

5. Defendant Fieldwood Energy Offshore, LLC is a foreign limited liability company headquartered in Houston.  This Defendant maintains a registered agent in Texas.  It may be served through its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Ste. 400, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 14 U.S.C.A. 1332, 43 U.S.C.A. 1301, 43 U.S.C.A. 1332, and 43 U.S.C.A. 1331.

7. This Court has personal jurisdiction over the Defendants because they conduct systematic and continuous business activities in and throughout the state of Texas and this District.

8. Venue is properly laid in this Division and District as at least one of the Defendants resides in this District.

## CLAIMS FOR RELIEF

## NEGLIGENCE

### (ISLAND OPERATING COMPANY OF TEXAS/ISLAND OPERATING COMPANY, INC./FIELDWOOD ENERGY, LLC/FIELDWOOD ENERGY OFFSHORE, LLC)

9. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

10. Pursuant to La. Civ. C. Art. 2315 & 2316, Defendants owed Plaintiff, a visitor, the duty of reasonable care, and a duty to provide a reasonably safe place to work. Each Defendant failed in its duties to the Plaintiff. Defendants' breaches of their duties were the producing cause, or the proximate cause, of Plaintiff's injuries.

## STRICT LIABILITY

### (FIELDWOOD ENERGY, LLC/FIELDWOOD ENERGY OFFSHORE, LLC)

11. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

12. Pursuant to La. Civ. C. Art. 2317.1, Defendants owned the platform in question. The platform contained defects which presented an unreasonable risk of harm to workers on the platform. Those defects caused explosion, fire, and injuries to Plaintiff. Fieldwood Energy and Fieldwood Energy Offshore knew, or in the exercise of reasonable care should have known, of the defects which caused the explosion. Defendants failed in their duty of reasonable care, and a duty to provide a reasonably safe place to work. Defendants' breaches of their duties were the producing cause, or the proximate cause, of Plaintiff's injuries.

## GROSS NEGLIGENCE

## (ISLAND OPERATING COMPANY OF TEXAS/ISLAND OPERATING COMPANY, INC./FIELDWOOD ENERGY, LLC/FIELDWOOD ENERGY OFFSHORE, LLC)

13. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

14. Defendants were aware the "Heater Treater" in question had a history of problems, was not well maintained, and was faulty. Further, Defendants were aware that the "Heater Treater" had not yet been cleared of flammable materials and gasses, but such was represented to Plaintiff and his co-workers anyway. Defendants' conduct was thus willful, reckless, wanton, and/or malicious, and merits the imposition of punitive damages.

15. At a minimum, Defendants' acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. And, due to their subjective awareness of the extreme risk, Defendants exhibited a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Pursuant to La. Civ. C. Art. 3456, Plaintiff thus seeks exemplary damages, along with all other damages allowed by applicable law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in his favor against the Defendants, jointly and severally, as follows:

  a. Compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to

be determined by the trier of fact as provided by law and supported by the evidence at trial;

b. Punitive damages;

c. An award of attorneys' fees and costs of suit, as provided by law; and

d. Any other such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/:* <u>Anthony G. Buzbee</u>
    Anthony G. Buzbee
    State Bar No. 24001820
    Federal Bar No. 22679
    JPMorgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    tbuzbee@txattorneys.com

ATTORNEYS FOR PLAINTIFF