IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLTE CAHANIN | § § § § § § § § § | |
| VS. | | |
| ISLAND OPERATING COMPANY OF TEXAS, ISLAND OPERATING COMPANY, INC., FIELDWOOD ENERGY, LLC, FIELDWOOD ENERGY OFFSHORE, LLC | | CIVIL ACTION NO. 4:14-CV-03467 |

**FIELDWOOD ENERGY LLC'S SUR-REPLY IN OPPOSITION
TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

Fieldwood Energy LLC ("Fieldwood") files this Sur-Reply in Opposition to Plaintiff's Motion to Transfer Venue, as originally filed by Colte Cahanin ("Plaintiff") pursuant to 28 U.S.C.S. § 1404(a). This sur-reply is filed in accordance with the Court's order of May 11, 2015, which requires additional briefing from the parties pertaining to Plaintiff's requested venue transfer. Fieldwood would respectfully show this Honorable Court as follows:

### I.
### SUMMARY OF SUR-REPLY

Plaintiff seeks to transfer this lawsuit from the Southern District of Texas—a venue of his own choosing—to the Western District of Louisiana on *forum non conveniens* grounds. In his original motion, Plaintiff failed to address what circumstances have changed since he first filed his lawsuit that would warrant a

-1-

transfer, and ignored many of the public and private interest factors that must be weighed in determining whether a transfer is required. In recognizing these two distinct and fatal deficiencies in Plaintiff's motion, this Court issued an order requiring Plaintiff to file a reply brief addressing these shortcomings.

Despite the Court providing Plaintiff a "second bite at the apple" to correct his defective original motion, Plaintiff has again failed to show any sufficient change in circumstances that would warrant a transfer from his originally-selected venue of the Southern District of Texas. Plaintiff's *sole* argument pertaining to this threshold question is that, because two other lawsuits have been filed in Louisiana that relate to the platform accident, a sufficient change of circumstances warranting a transfer must have occurred. Quite the contrary, the authorities are clear that when a plaintiff merely makes a tactical error in choosing a venue, that error is not sufficient to warrant a transfer based on convenience grounds. Plaintiff presents no new information in his reply briefing; nothing has changed since Plaintiff elected to bring his lawsuit in Texas instead of Louisiana. The bottom line is that Plaintiff is attempting to conduct post-filing forum shopping because he believes he will fare better in a different court with a different judge. This should not be permitted.

Moreover and independently, Plaintiff's arguments regarding the public and private interest factors are insufficient to warrant a transfer on convenience grounds. Plaintiff is not entitled to sacrifice the convenience of Fieldwood merely because he has become unhappy with his choice to bring his lawsuit in the Southern District of Texas. Each specific public and private factor is discussed in detail below. Alternatively, Fieldwood continues to assert that it is appropriate to abate Plaintiff's request to transfer

until venue discovery is conducted, particularly because this Court has authority to determine the transfer and consolidation of all four lawsuits under the "first-to-file" rule. Therefore, Fieldwood requests that Plaintiff's motion seeking a transfer to the Western District of Louisiana be denied or, alternatively, be abated until discovery pertaining to the venue issues is completed, permitting a fully-informed decision of this issue.

## II.
## ADDITIONAL ARGUMENT AND AUTHORITIES[1]

This Court recognized two distinct and fatal deficiencies in Plaintiff's Motion to Transfer Venue. On May 11, 2015, this Court issued an order that Plaintiff address those deficiencies, specifically that Plaintiff speak to (1) what circumstances have changed since Plaintiff first filed his lawsuit that would warrant a transfer from his chosen venue of the Southern District of Texas, and (2) what public and private interest factors would weigh in favor or against a transfer to the Western District of Louisiana. Order Requiring Additional Briefing, p. 2 (May 11, 2015). Plaintiff's reply brief was due on May 26, 2015. *Id*. This Court also required a sur-reply brief to be filed by the named defendants, due June 8, 2015. *Id*. This sur-reply brief is filed with the intent to comply with this Court's order for additional briefing on the venue issues at play.

A. ***Plaintiff's Tactical Error In Selecting The Southern District Of Texas to Bring His Lawsuit Does Not Warrant A Transfer, And Plaintiff Fails To Provide Any Sufficient Reason Warranting A Transfer Based On A Change Of Circumstances***

Despite this Court giving Plaintiff a chance to correct his defective original motion to transfer venue, Plaintiff has again failed to show any sufficient change in

---

[1] To save this Court from redundant briefing, Fieldwood incorporates by reference its Response in Opposition to Plaintiff's Motion to Transfer Venue (Apr. 3, 2015), and all exhibits thereto, into this sur-reply. The motion and exhibits are on file with this Court.

circumstances that would warrant a transfer from his originally-selected venue of the Southern District of Texas. Plaintiff's entire argument pertaining to this threshold requirement is that a change of circumstances must have occurred, because two other lawsuits have been filed in Louisiana. However, merely making a tactical error in choosing a venue is simply not a change of circumstances sufficient to warrant a transfer on convenience grounds.

In *Haren-Christensen Corp. v. M.S. Frigo Harmony*, the plaintiff made a tactical error in choosing the Southern District of New York as his selected venue. 477 F. Supp. 694, 698 (S.D.N.Y. 1979). The New York district court found that it did not have *in personam* jurisdiction over the defendant, but recognized that the Massachusetts federal district court may have had such jurisdiction. *Id*. The court recognized that choosing the Southern District of New York was merely a tactical error made by the plaintiff, and refused the requested transfer based on convenience grounds. *Id*. The court found that the plaintiff's poor decision and planning was not a sufficient reason to warrant the requested transfer, and dismissed the lawsuit. *Id*.

As stated by the Court when the plaintiff in *Haren-Christensen Corp.* attempted to backpedal from his tactical error (much as Plaintiff does in this case):

> In the instant case, nothing has changed since the time plaintiffs brought their action in this district. ***They have merely realized at this late stage that they made a mistake in the first place and brought suit in the wrong forum.*** *That is not sufficient reason to compel a change of venue in the interest of justice.*

*Id.* (quotation marks omitted) (emphasis added).

While a Louisiana federal court applies Louisiana law under OCSLA on a regular basis, this Court also has familiarity with applying Louisiana law as adopted federal law.

However, Plaintiff has given this Court absolutely no reason why his choice of the Southern District of Texas now works some sort of injustice upon him. Instead, Plaintiff merely made a tactical error by filing his own lawsuit in Texas before the wrongful death claim was filed in Louisiana; an error that was wholly foreseeable as Plaintiff (admittedly) knew he was aware a co-worker died in the platform accident. Plaintiff's attempt to conduct post-filing forum shopping is impermissible, and his motion to transfer should be denied.

B. **Plaintiff's Additional Briefing Reveals No New Information Weighing In Favor Of A Transfer Of Venue, And Plaintiff's Requested Transfer Would Sacrifice The Convenience Of Fieldwood So Plaintiff Can Conduct Post-Filing Forum Shopping**

As this Court noted in its order of May 11, 2015, a plaintiff's circumstances must have sufficiently changed since the filing of the lawsuit before the private and public factors relating to a venue transfer should be analyzed. Order Requiring Additional Briefing, p. 2 (May 11, 2015). *Because Plaintiff fails to show any change in circumstances warranting a venue transfer, the analysis should end there and the transfer should be denied.* Nevertheless, Fieldwood addresses Plaintiff's arguments relating to the public and private factors.

**Private Interest Factors**

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004). The convenience of one party cannot be sacrificed at the cost to another. *Moto Photo, Inc. v. K.J. Broadhurst Enterprises*, 2003 U.S. Dist. LEXIS

1955, *12 (N.D. Tex. Feb. 10, 2003). ("While it may be more convenient for plaintiff to litigate this action in Ohio, a transfer is not appropriate where the only justification is to shift the balance of inconveniences from one party to another."). Bearing this rule in mind, an analysis of the private interest factors reveals that transfer of this case to the Western District of Louisiana will sacrifice the convenience of Fieldwood, and allow Plaintiff to conduct post-filing forum shopping.

### 1. *Relative ease of access to sources of proof*

Plaintiff does not dispute that Fieldwood is a Texas-based company with its primary office in Texas. It would be more convenient for Fieldwood to litigate this matter where Plaintiff originally chose to file suit—the Southern District of Texas. It is this forum where Fieldwood's headquarters, decision makers, and inside and outside litigation counsel are located. Fieldwood's corporate representative(s), documents that may need to be produced during discovery, and Fieldwood's counsel conducting the litigation investigation and preparing Fieldwood's defense are all located in Texas. While witnesses in this case are, of course, located in Louisiana, deference should not be given to Plaintiff's attempt to conduct post-filing forum shopping simply because of this fact. This factor does not weigh in favor of a transfer.

### 2. *Availability of compulsory process to secure attendance of witnesses*

Plaintiff asserts that "substantial motion practice would be required every time a party wanted to depose a non party [sic] witnesses," if this case were litigated in the Southern District of Texas. However, all of the party witnesses will likely be taken by agreement, as is customary. In fact, the only non-party witness Plaintiff suggests may need to be deposed is the investigator from the Bureau of Safety and Environmental

Enforcement ("BSEE"). Plaintiff's "sky-is-falling" argument that substantial motion practice will be necessary to secure deposition testimony, should this case remain in the Southern District of Texas, is unfounded and without merit. This factor does not weigh in favor of a transfer.

### 3. Cost of attendance for willing witnesses

Plaintiff conflates the cost of attendance for willing witnesses with the cost of attendance by counsel and the parties to this lawsuit. The majority of witnesses in this case will be party employees or representatives. This factor does not consider the expense of travel for the parties themselves; in fact, the authorities are clear that the convenience of one party cannot be sacrificed for the convenience of another party. *Moto Photo, Inc.* 2003 U.S. Dist. LEXIS 1955 at *12.

For the non-parties that will be called on to testify, they typically cannot be compelled to travel more than one hundred miles beyond where they live, work, or regularly transact business. FED. R. CIV. P. 45(b)(2); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). (This rule is extensively pointed out and relied upon by Plaintiff in his reply briefing.) As is customary, counsel and the parties will bear the expense in traveling to these non-party witnesses for depositions. As for trial, any travel costs can be reimbursed to the non-party witnesses that are called to testify before the jury. And again, Plaintiff only points to one non-party at this time that may be deposed (*i.e.*, the BSEE investigator). This factor does not weigh in favor of a transfer.

### 4. Other practical problems that make trial of a case easy, expeditious, and inexpensive

Plaintiff again argues that since witnesses in this case are located in Louisiana, it would be more judicious to conduct a trial in Louisiana. As pointed out above, Plaintiff

only mentions one possible non-party witness that may need to be deposed (i.e., a BSEE investigator). The rest of the possible witnesses mentioned are party employees or representatives. Simply put, Plaintiff should not be allowed to conduct post-filing forum shopping and sacrifice the convenience of Fieldwood because a non-party witness may eventually be called to testify live at trial. This factor does not weigh in favor of a transfer.

**Public Interest Factors**

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *See In re Volkswagen AG*, 371 F.3d at 204.

### 1. Administrative difficulties flowing from court congestion

Plaintiff states this factor is not at issue, and Fieldwood agrees. Counsel's experience is that the flow of cases in the Southern District of Texas moves at a fast clip, and any motions and necessary hearings are timely heard and ruled upon. This factor does not weigh in favor of a transfer.

### 2. Local interest in having localized interests decided at home

As conceded by Plaintiff, Fieldwood has its primary office in Houston, Texas. It is a company employing numerous people and holding significant oil and gas assets. As a Texas-based company, it is self-evident that Fieldwood generates jobs, pays state taxes, and otherwise contributes to the Texas economy. There can be no doubt that Fieldwood has a great interest in the outcome of this case, which could potentially affect

its management of operations, the hiring and work of its employees and contractors, and potentially affect its assets.

Moreover, the incident at issue occurred on the Outer Continental Shelf, a federal territory outside the boundaries of either the State of Texas or the State of Louisiana; the incident did not occur within the State of Louisiana. Accordingly, there is no strong localized interest with or connection to the Western District of Louisiana. The localized interest factor, therefore, does not particularly come into play in this instance. In that regard, neither Texas nor Louisiana has a greater local connection to this matter.

While clearly other parties who are residents of Louisiana also have an interest in the outcome of this litigation, this is a situation where the interests of the parties are equal because the citizenry of both Texas and Louisiana will be impacted by this lawsuit. In a situation where "[n]either state [has] a greater stake in the outcome of this litigation, the localized interest factor is neutral and does not weigh in favor of transfer. *See Aloft Media, LLC v. Adobe Sys. Inc.*, No. 6:07-CV-355, 2008 U.S. Dist. LEXIS 23601, 2008 WL 819956, *5-7 (E.D. Tex. March 25, 2008) (finding this factor neutral where witnesses were located in London, New York, Virginia, California, and Texas). This factor does not weigh in favor of a transfer.

### 3. *Familiarity of the forum with the law that will govern the case*

Plaintiff argues that a Louisiana court would be more familiar with Louisiana law. As pointed out by Fieldwood in its original response, it is well established that courts may apply the law of other forums as needed. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (U.S. 1985). This Court routinely applies Louisiana law, as mandated by OCSLA, to civil suits involving operations on the Outer Continental Shelf

off the coast of Louisiana. *See, e.g., W&T Offshore, Inc. v. Apache Corp.*, 918 F.Supp.2d 601 (S.D. Tex. 2013) (Rosenthal, J.); *Mariner Energy, Inc. v. Devon Energy Prod'n Co.*, 690 F.Supp.2d 588 (S.D. Tex. 2010) (Rosenthal, J.); Mendez v. Anadarko Petroleum Corp., 2010 WL 534181 (S.D. Tex. 2010) (Rosenthal, J.); *Case v. Omega Natchiq, Inc.*, 2008 WL 2714124 (S.D. Tex. 2008) (Rosenthal, J.). To argue that this case should be transferred to Louisiana because a Louisiana court more regularly deals in Louisiana law would be to open the floodgates on venue transfer motions whenever foreign law applies, which is clearly not the purpose of a transfer based on convenience grounds under 28 U.S.C.S. § 1404(a). This factor does not weigh in favor of a transfer.

### 4. The avoidance of unnecessary problems of conflict of laws

Plaintiff asserts that this factor is not at issue, and Fieldwood agrees. Substantive Louisiana law applies through the OCSLA. Federal procedural law will govern how the case is handled. This factor does not weigh in favor of a transfer.

### 5. Discouraging post-filing forum shopping by plaintiffs

As pointed out by this Court, the above-discussed factors are not exhaustive or exclusive. Order Requiring Additional Briefing, p. 2 (May 11, 2015); *In re Volkswagen of America, Inc.*, 545 F.3d at 315. This is not a typical request to transfer venue filed by a defendant. Instead, Plaintiff selected the Southern District of Texas as the venue in which he would bring his lawsuit, and now seeks to backpedal because he believes he made a tactical error. Plaintiff's true reason for seeking to transfer his case to Louisiana has nothing to do with convenience of the parties. Instead, Plaintiff seeks to piggyback his questionable personal injury case onto a wrongful death case, and to do so in what he perceives as a more favorable court. As argued extensively in Fieldwood's original

response, this is the classic example of forum shopping that should be discouraged as a matter of public interest.

Here, Plaintiff made what he now believes was a tactical error in selecting the Southern District of Texas as his venue of choice. Plaintiff selected this venue knowing that one of his co-workers was killed in the platform accident, that many witnesses would be located in Louisiana, and that the platform accident occurred off the coast of Louisiana. There simply has been no "change in circumstances" since Plaintiff filed suit that warrants a transfer to the Western District of Louisiana. Plaintiff's motion to transfer should be denied.

## III.
## ALTERNATIVE MOTION TO ABATE

Fieldwood alternatively urges that, at a minimum, additional time to conduct discovery before the motion to transfer is decided is appropriate. The reasons for this alternative motion are set forth in detail in Fieldwood's Response in Opposition to Plaintiff's Motion to Transfer Venue, on file with this Court and previously incorporated by reference herein.

## IV.
## CONCLUSION AND PRAYER

Based on the foregoing, Fieldwood respectfully requests that Plaintiff's motion seeking a venue transfer to the Western District of Louisiana be denied. Alternatively, Fieldwood asks for a determination of the venue transfer to be abated until additional discovery is completed. Fieldwood further prays for any further relief to which it is entitled, in equity or at law.

Respectfully submitted,

JOHANSON & FAIRLESS, LLP

By:    /s/ Kelley J. Friedman
RANDY L. FAIRLESS, #06788500
KELLEY J. FRIEDMAN, #00796582
1456 First Colony Blvd.
Sugar Land, Texas 77479
(281) 313-5000
Fax: (281) 340-5100
RFairless@jandflaw.com
KFriedman@jandflaw.com

   /s/ Robert J. Sergesketter
ROBERT J. SERGESKETTER, #00794620
2000 W. Sam Houston Pkwy. South
Suite 1200
Houston, Texas 77042
(713) 969-1111
Robert.Sergesketter@fwellc.com

**ATTORNEYS FOR DEFENDANT**
**FIELDWOOD ENERGY LLC**

## CERTIFICATE OF SERVICE

     I, KELLEY J. FRIEDMAN, do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record by electronic filing (CMIECF system), certified mail (return receipt requested), by facsimile, electronic mail, and/or by hand-delivery, on this _8th_ day of June, 2015:

| | |
|---|---|
| Anthony G. Buzbee<br>Chris Leavitt<br>JP Morgan Chase Tower<br>600 Travis, Suite 7300<br>Houston, Texas 77002<br>tbuzbee@txattorneys.com | Ped C. Kay, III<br>Hal J. Broussard<br>Broussard & Kay, LLC<br>909 Garber Road<br>P.O. Box 189<br>Broussard, LA 70518<br>ped@bandkay.com |

   /s/ Kelley J. Friedman
KELLEY J. FRIEDMAN

-12-